# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EUGENE BROWN,

        Petitioner,
vs.                                                No. CIV 2:96-1327 HB/LCS

RON LYTLE, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes on Petitioner Eugene Brown's Petition for a Writ of *Habeas Corpus*, filed on September 24, 1996. Petitioner briefed three claims. The Court, having considered the pleadings, the briefs of counsel, the record and the applicable law, proposes finding that it the Petition is not well-taken and recommends that it be denied.

Brown was indicted on charges of kidnaping and first-degree criminal sexual penetration. His first trial, which began on March 21, 1994, ended in a mistrial when the defense learned that a psychologist who had examined and treated the victim had not turned over all of the videotapes of her sessions with the victim to the prosecution. Brown was convicted at his second trial and sentenced to 18 years' imprisonment on the criminal sexual penetration charge and 9 years on the kidnaping charge. The sentences were increased by two years each because the court found that Brown had taken advantage of his position as the victim's neighbor and had taken advantage of her mental retardation. The sentences were to run concurrently, with 5 years suspended, for a total of 15 years. Brown was also ordered to pay for lifetime psychological counseling for the victim.

Brown appealed to the New Mexico Court of Appeals, raising five claims:

1. Evidence was admitted which had been obtained in violation of the 4th amendment;
2. His second trial constituted double jeopardy;
3. The evidence admitted was insufficient to support his convictions;
4. The trial court erred by adding the two years to the base sentences; and
5. The order compelling him to pay for lifetime psychological counseling for the victim was improper.

The Court of Appeals denied Brown's first four claims and granted partial relief on his fifth claim, remanding the issue to the District Court, who changed his payment obligation to $30,000.[1] Mr. Brown filed a petition for a writ of *certiorari* in the New Mexico Supreme Court, which was denied on February 24, 1995. He then filed a petition for a writ of *habeas corpus* in state district court, raising nine claims:

1. He received ineffective assistance of counsel at trial;
2. He received ineffective assistance of counsel on appeal;
3. He was denied due process because the Court did not determine whether the victim was competent to testify;
4. He was deprived of a fair trial by media coverage before and during the trial;
5. He was deprived of a fair trial by the trial court's denial of mis motion to change venue;
6. He was denied due process by the admission of the testimony of the psychologist;
7. His conviction was obtained with perjured testimony;
8. He was deprived of a fair trial by prosecutorial misconduct; and
9. He was deprived of a fair trial by the cumulation of the eight errors.

The state district court dismissed the petition on April 25, 1996. On May 24, 1996 Brown filed another petition for a writ of *certiorari* with the New Mexico Supreme Court. It was denied on June 12, 1996.

On September 24, 1996 Brown filed a petition for a writ of *habeas corpus* in federal court, raising eleven claims:

---

[1]The restitution amount was reduced on a subsequent motion.

> 1. The affidavit supporting the search warrant was insufficient;
> 2. The second trial constituted double jeopardy;
> 3. The evidence was insufficient to support his convictions;
> 4. The additional two years added to his sentences was improper;
> 5. His trial counsel provided ineffective assistance;
> 6. His appellate counsel provided ineffective assistance;
> 7. The victim was incompetent to testify;
> 8. Media coverage deprived him of a fair trial;
> 9. The trial court erred in denying his motion for a change of venue;
> 10. The trial court's allowing the psychologist to testify denied him due process; and
> 11. His conviction was secured with perjured testimony.

On June 29, 1998 the Court filed Proposed findings and a Recommended Disposition, recommending that claims 3, 7 and 10 be dismissed. Petitioner did not object to this recommendation. On November 30, 1998, Petitioner filed his brief in chief in support of his motion, but chose to address only claims 2, 5 and 11. The Court proposes finding that those claims which were not briefed were abandoned. *See Caibaiosai v Barrington,* 643 F. Supp. 1007, 1008 n.1 (W.D. Wis. 1986). Accordingly, the Court recommends that claims 1, 4, 6, 8 and 9 be dismissed with prejudice.

In addressing the remaining claims, the Court first notes that Petitioner raises two issues in his ineffective assistance of counsel claim; first, his counsel should have investigated an alleged romantic relationship between the testifying psychologist and the initial prosecutor, and second, his counsel should have demanded a hearing on the competency of the victim to testify. Respondent contends that the first issue was never presented to the State court, and was not alleged in Brown's Petition to this Court. Accordingly, it should either be ignored for not having been raised in the Petition, *Cf. Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1993), *cert. denied*, 115 S.Ct. 1378 (1995), or, if it is treated as an amendment to the Petition, be dismissed

for failure to exhaust. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971).[2]

Petitioner and Respondent agree that the precise issue was not presented to the state court, but Petitioner argues that the issue is simply a combination of two issues which were presented. The Court agrees and will accordingly address the merits of the claim.

In order to establish an ineffective assistance of counsel claim, Petitioner must show that his counsel's conduct fell outside the objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of his trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 692-94 (1984). Petitioner claims that, had his trial counsel conducted an investigation, he would have discovered the existence of a romantic relationship between the former prosecutor of his case and the psychologist. He contends that the existence of this relationship would have cast sufficient doubt on the credibility of the psychologist's testimony to raise a reasonable probability of his acquittal.

Assuming arguendo that Brown's allegations establish the element of prejudice, his claim fails because he makes no allegations from which the Court could draw an inference that counsel's conduct fell outside an objective standard of reasonableness. Brown never alleges why a reasonable attorney would have conducted an investigation into the romantic affairs of a treating psychologist. Because he failed to produce either evidence which would have motivated a reasonable attorney to investigate, or authority that such investigations should be routinely conducted, the Court proposes finding that trial counsel's conduct has not been shown to be unreasonable and recommends that this claim be denied.

---

[2]Under 28 U.S.C. Sec. 2254(b)(2), the Court may, in its discretion, dismiss unexhausted claims in a mixed petition while still determining exhausted claims on their merits.

Petitioner's other ineffectiveness claim is that, had his trial counsel demanded a competency hearing, the victim would have not been allowed to testify, which would have raised a reasonable probability that he would have been acquitted.

Since persons are presumed to be competent, See N.M.R.A. 11-601 (1999), the burden would have fallen on the defense to overcome that presumption. To do so, a party must demonstrate that a witness does not understand the nature of an oath *and* does not demonstrate a mental capacity sufficient to observe, recollect and narrate things heard and seen (emphasis added). *Mitchell v. Kemna,* 109 F.3d 494, 496 (8th Cir. 1997); *See also State v. Manlove*, 441 P.2d 229, 232 (Ct. App. N.M. 1968). In the present case, Petitioner contends that there is evidence that the victim had trouble paying attention to and processing what was going on around her. Petitioner's brief at 15. However, he does not attempt to demonstrate that the victim did not understand the nature of an oath, and concedes that the evidence in the record supported the victim's ability to do so. *Id.* The Court therefore proposes finding that Brown has not shown that his trial counsel could have overcome the presumption of competency of the victim to testify even if counsel had demanded a competency hearing. Accordingly, he has not shown that he was prejudiced by his trial counsel's error. Since the Court proposes finding that Brown cannot establish this second prong of the *Strickland* test, the Court recommends that this claim be denied.

Brown's next claim is that his second trial constituted double jeopardy because the mistrial at his initial trial was provoked by the prosecution. *See Oregon v. Kennedy*, 456 U.S. 667, 679 (1982). The record supports Brown's contention that, before the first trial, the treating psychologist did not provide all of the videotapes of her sessions with the victim to the prosecution. The prosecution did provide to the defense all of the videotapes it received from the

5

psychologist, but it did not disclose to the defense that it had not received all of the videotapes the psychologist had made. The psychologist initially testified that she had told the prosecutor that she was providing only five of the nine tapes she had made because the other four had little value.[3] The prosecutor who initially received the tapes had left the case before the first trial, and the new prosecutor had thought that the former prosecutor had properly complied with the defense's discovery requests. The trial judge granted the defense's motion for a mistrial, finding that the psychologist had acted inappropriately. However, the trial court found, and defense counsel conceded, that the prosecution's failure to disclose to the defense the existence of the other tapes was unintentional.

Brown now contends that the prosecution's silence was intentional, and that it disclosed the existence of the other tapes late in first trial in order to goad the defense into moving for a mistrial. Brown contends that this was done in order to give the new prosecutor more experience, to allow the victim a chance to be better prepared, or to avoid acquittal.

In light of the trial prosecutor's inexperience, Petitioner's speculations that she would be capable of such subtle maneuvering seem far-fetched. The Court therefore proposes finding it more likely that the prosecution's failure to disclose the existence of the other tapes was due either to mistake or inadvertence, not a desire to provoke a mistrial. Accordingly, the Court recommends that this claim be denied.

Brown's final claim is that the prosecution knowingly used perjured testimony. If true, such actions are grounds for *habeas corpus* relief. See *United States v. Martin*, 59 F.3d 767, 770

---

[3] At the second trial, the psychologist changed her testimony, stating that she actually had only made five tapes at the time the prosecution made its request, but that she made four more tapes later and believed a report which disclosed the existence of the other four tapes had been provided to the prosecutors.

(10th Cir. 1995). One witness gave statements to the prosecution and defense, and then testified before the grand jury, that he had been with Brown all day the day of the alleged molestation, and that the victim was not there. However, the witness then contacted the prosecution and said that he had lied, and that he had seen the molestation occur. He then recanted his recantation, going back to his original story. The prosecutor then offered him immunity from prosecution for perjury at the grand jury hearing, and the witness then testified at Brown's trial that he saw Brown committing the acts charged.

While the witnesses' credibility was indeed highly suspect, and in hindsight one may question the wisdom of using such a compromised witness, Petitioner cites no evidence that suggests that the prosecution knew or should have known that the witness' grand jury testimony was true and his trial testimony was false, instead of the other way around. The Court accordingly recommends that this claim be denied.

**Recommended Disposition**

For the above reasons, the Court recommends that the Petition be denied. Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(A), file written objections. A party must object within the ten day period if that party desires review; if objections are not timely filed, neither the District Court nor the                    ate Judge's Proposed Findings and Recommended Disposition.

**LESLIE C. SMITH**
**United States Magistrate Judge**